LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOSE AVILA,
*on behalf of himself, FLSA Collective Plaintiffs, and the Class,*

         Plaintiffs,

v.

184 3RD AVENUE RESTAURANT CORP.
d/b/a GRAMERCY CAFÉ,
665 9TH AVE. RESTAURANT CORP.
d/b/a GALAXY DINER,
JOHN PANORIOS, and
ELIAS NEOFOTISTOS

         Defendants.

Case No.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiffs JOSE AVILA ("Plaintiff"), on behalf of himself and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, 185 3RD AVENUE RESTAURANT CORP., 665 9TH AVE. RESTAURANT CORP. (together the "Corporate Defendants"), JOHN PANORIOS and ELIAS NEOFOTISTOS(together, the "Individual Defendants," and together with the Corporate Defendants, the "Defendants") and state as follows:

## INTRODUCTION

1. Plaintiffs allege pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et seq.* ("FLSA"), that they, and others similarly situated, are entitled to recover from Defendants: (1) unpaid minimum wages, including those from improperly deducted tip credit, (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wages, including those from improperly deducted tip credit, (2) unpaid overtime, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, JOSE AVILA, is a resident of New York County, New York.

6. The Defendants operate a restaurant enterprise comprised of two locations in New York State:

   a. 184 3rd Avenue, New York, NY 10003 ("Gramercy Café")

   b. 665 9th Avenue, New York, NY 10036 ("Galaxy Diner")

Collectively, the restaurants listed above are referred to herein as "The Restaurants." Each of the above businesses operate as a single integrated enterprise. Employees, food, and supplies were freely interchangeable between the two locations. Each restaurant shares a common look and

feel, and food items served are similar, with nearly identical menus. Additionally, The Restaurants operate under the same wage and hour policies as established by the individual Defendants.

7. Corporate Defendants:

   a. 184 3RD AVENUE RESTAURANT CORP. is a business corporation organized under the laws of the State of New York. 184 3RD AVENUE RESTAURANT CORP. controls Gramercy Café. Its principal place of business and address for service of process is 184 3rd Avenue, New York, NY 10003;

   b. 665 9TH AVE. RESTAURANT CORP. is a business corporation organized under the laws of the State of New York. 665 9TH AVE. RESTAURANT CORP. controls Galaxy Diner. Its principal place of business and address for service of process is 665 9th Avenue, New York, NY 10036.

8. Individual Defendants:

   a. JOHN PANORIOS is the Chief Executive Officer of 665 9TH AVE. RESTAURANT CORP. He is also an executive officer, member and/or principal of 184 3RD AVENUE RESTAURANT CORP.;

   b. ELIAS NEOFOTISTOS is the Chief Executive Officer of 184 3RD AVENUE RESTAURANT CORP. He is also an executive officer, member and/or principal of 665 9TH AVE. RESTAURANT CORP.

9. Both Individual Defendants make operational decisions (including payroll and wage and hour policies) concerning all The Restaurants jointly. Both Individual Defendants frequent each of The Restaurants and will direct and supervise employees while they are there. They hire

all the managers of each restaurant and have ultimate authority over staffing, payroll and all wage and hour policies at The Restaurants. For example, when either of the Individual Defendant observes that an employee at any of The Restaurants is performing poorly, they will rebuke them and correct any inadequacy in the service provided by staff to customers.

10. All Individual Defendants exercised direct control over the Plaintiff, FLSA Collective Plaintiffs and Class members. They exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, the FLSA Collective Plaintiffs and the Class members. They also exercised the power and authority to hire, fire, supervise, and control supervisors of Plaintiffs, the FLSA Collective Plaintiffs and the Class members.

11. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members was directly essential to the business enterprise operated by Defendants.

13. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay them a reasonable fee for their services.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt tipped employees, including delivery persons, runners, bussers, waiters, barbacks and bartenders, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to properly compensate tipped employees. Defendants improperly deducted portions of Plaintiff's and FLSA Collective Plaintiffs' tips. Additionally, with respect to some employees, including Plaintiff JOSE AVILA, Defendants failed to pay them their proper minimum wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits under the FLSA, because they forced employees to sign fraudulent wage statements, which did not show the amount of tip credit taken for each pay period and claimed an improper amount of tip credit allowance. Defendants further failed to pay the proper overtime rate for hours worked in excess of 40 hours per week. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of non-exempt tipped employees, including delivery persons, runners, bussers, waiters, barbacks and bartenders employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class

Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members

who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

    b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

    d) Whether Defendants properly notified Plaintiff and the Class members of their proper hourly rate and overtime rate, and how such rates were derived;

    e) Whether Defendants improperly paid Plaintiffs and Class members on a fixed salary basis, when New York State law requires that all non-exempt employees be paid on an hourly basis;

    f) Whether Defendants fulfilled all statutory requirements for claiming a tip credit, and particularly whether they:

        i. Provided proper wage statements informing members of the Class the amount of tip credit taken for each pay period;

        ii. Improperly deducted tip compensation; and

        iii. Claimed the proper amount of tip credit allowance under the New York Labor Law.

g) Whether Defendants unlawfully deducted portions of Plaintiff's and Class members' tips during the relevant statutory period;

h) Whether Defendants properly compensated Plaintiff and Class members for overtime under state and federal law;

i) Whether Defendants provided proper wage and hour notice, at date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law; and

j) Whether Defendants provided proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

25. On or about September 2015 Plaintiff, JOSE AVILA, was hired by Defendants to work as a waiter/counterman for Defendants' restaurant, Gramercy Café, located at 184 3rd, New York, NY 10003.

26. Plaintiff AVILA worked for Defendants until on or about February 19, 2016.

27. During the employment of Plaintiff AVILA, by Defendants, he worked over forty (40) hours per week.

28. Specifically, Plaintiff AVILA worked for fifty-two (52) hours per week. On Monday and Thursday, Plaintiff AVILA worked from 6:00 p.m. to 1:00 a.m. On Wednesday and Sunday, Plaintiff AVILA worked from 4:00 p.m. to 1:00 a.m. On Friday and Saturday, Plaintiff AVILA worked from 8:00 p.m. to 6:00 a.m.

29. Throughout Plaintiff AVILA's employment, he was paid in cash, a fixed salary of $185.00 a week and was never given proper wage notice or wage statements. There was never an agreement that Plaintiff AVILA's fixed salary would cover overtime hours. Plaintiff AVILA was

never required to clock in or clock out and never received any lunch breaks. A similar method of compensation was used at Galaxy Diner, and FLSA Collective Plaintiffs and Class members suffered a similar harm.

30. Plaintiff AVILA was also forced to sign blank fraudulent pay receipts for every pay period, which stated that he was receiving $8.75 per hour and $13.13 per hour for overtime (see Exhibit A). Plaintiff AVILA, in fact received no overtime pay and was given a fixed salary of $185.00 per week for fifty-two (52) hours of work, equating to a regular hourly rate of $3.55 per hour. FLSA Collective Plaintiffs and Class members similarly were paid on a fixed salary basis, but forced to sign fraudulent blank pay receipts.

31. The pay receipts were not only fraudulent but nonsensical as well. They reflected that Plaintiff AVILA would be paid the minimum wage of $8.75 per hour, but also claimed a tip credit allowance. The pay receipt also fraudulently reflected that Plaintiff AVILA would have meal credits deducted from his pay, at a rate of $2.50 per meal, and that he would be given thirty (30) minutes per day for meals. Plaintiff AVILA, in fact was never given any meals by the Defendants and never received any break time to have a meal.

32. In violation of the New York Wage Theft Prevention Act Plaintiff AVILA and Class members were made to sign blank fraudulent pay receipts which did not account for hours worked, accurate rate of pay, the employee's gross and net wages, itemized deductions, and which did not provide the employer's phone number.

33. Defendants would use these fraudulent receipts, signed by their employees, to give the appearance that the Galaxy Diner and Gramercy Café were operating within the legal parameters of the FLSA and New York Labor Law, when in fact Defendants were paying a fixed weekly salary below the minimum wage.

34. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs and members of the Class either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for hours they worked over 40 in a workweek.

35. Defendants failed to keep track of the daily amount of tips received by Plaintiff, FLSA Collective Plaintiffs and members of the Class, and also failed to keep the proper employment records required under the FLSA and NYLL.

36. Defendants paid Plaintiff, FLSA Collective Plaintiffs and members of the Class the invalid "tip credit" minimum wage, which is less than the federal and New York State minimum wages. Defendants were not entitled to take any tip credits under the FLSA or NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the FLSA and NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, (iii) failed to track the amount of tips received daily in violation of NYLL.

37. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage notices or proper wage statements as required by NYLL. In fact, Plaintiff and Class members received no wage notices and were made to sign fraudulent wage statements.

38. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this class and collective action Complaint as if fully set forth herein.

40. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

41. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

42. At all relevant times, the Corporate Defendant had gross annual revenues in excess of $500,000.00.

43. At all relevant times, the Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiff and Class members for their hours worked. As factually described above, Defendants were not entitled to claim any tip credits under FLSA.

44. At all relevant times, the Defendants also engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

45. Records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective

Plaintiffs of their rights under the FLSA.

47. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

48. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime wages, plus an equal amount as liquidated damages.

49. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFF AND CLASS MEMBERS

50. Plaintiff realleges and reavers Paragraphs 1 through 49 of this class and collective action Complaint as if fully set forth herein.

51. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

52. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked. As factually described above, Defendants were not entitled to claim any tip credits under NYLL.

53. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

54. Defendants failed to properly notify employees of their hourly pay rate and

overtime rate, in direct violation of the New York Labor Law.

55. Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the New York Labor Law.

56. Defendants failed to provide proper wage statements with every payment as required by New York Lab. Law § 195(3).

57. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid minimum wages, including those from improperly deducted tip credit, unpaid overtime, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wage, pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wage and spread of hours premium pursuant to the New York Labor Law;

h. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 3, 2016

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        30 East 39th Street, Second Floor
        New York, NY 10016
        Tel.: 212-465-1188
        Fax: 212-465-1181

        *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By: */s/ C.K. Lee*
      C.K. Lee, Esq. (CL 4086)